HARRY B. REZZEMINI, ESQ. Town Attorney, Bethlehem
This is in reply to your letter of January 6, 1976, wherein you request an opinion as to "the legal enforceability of motor vehicle noise restrictions by local governments", in view of the fact that the Federal Government has adopted noise emission standards and regulations for interstate motor carriers in excess of ten thousand pounds and the State of New York has enacted motor vehicle noise limits for all motor vehicles. Vehicle and Traffic Law, § 386.
First, it is noted that the proposed ordinance or local law would be directed to a problem which is not peculiarly local, and has already been made the subject of both Federal and State law.
The Federal Government entered this area by the "Noise Control Act of 1972", which mandated development of a Federal Regulatory Program for noise emission regulation of motor carriers engaged in interstate commerce (42 U.S.C.A., § 4917). This regulatory program "completely preempts the authority of State and local governments to regulate such noise after the effective date of adequate Federal standards * * *".* (1972 U.S. Code Cong. and Admin. News., p. 4669; Francis v. Southern Pac. Co.,333 U.S. 445 [1947]; Rice v. Sante Fe Elevator Corp., 331 U.S. 218
[1946].) The only statutory exception to this provision appears in subdivision (c) of § 4917, which provides as follows:
 "(c)(1) Subject to paragraph (2) of this subsection but notwithstanding any other provision of this chapter, * * * no State or political subdivision thereof may adopt or enforce any standard applicable to the same operation of such motor carrier, unless such standard is identical to a standard applicable to noise emissions resulting from such operation prescribed by any regulation under this section. [emphasis added]
 "(2) Nothing in this section shall diminish or enhance the rights of any State or political subdivision thereof to establish and enforce standards or controls on levels of environmental noise, or to control, license, regulate, or restrict the use, operation, or movement of any product if the Administrator, after consultation with the Secretary of Transportation, determines that such standard, control, license, regulation, or restriction is necessitated by special local conditions and is not in conflict with regulations promulgated under this section."
The aforementioned statute clearly preempts town adoption of a local ordinance to regulate noise emissions from interstate motor carriers unless the town's standard is identical to a standard applicable to noise emissions resulting from the same operation of said motor carrier prescribed by any Federal regulation promulgated under 42 U.S.C.A., § 4917. (It is noted that 42 U.S.C.A., § 4917 [c] [2] does provide for an exception to this "identical standard" requirement where, after consultation with the Secretary of Transportation, it is determined that town regulation "is necessitated by special local conditions", but your letter does not indicate that any "special local conditions" exist in the Town of Bethlehem.)
The regulation of motor vehicle noise other than that caused by the operation of motor carriers engaged in interstate commerce has not been preempted by the Federal Government and therefore remains a matter of State concern.
The State Vehicle and Traffic Law, § 386, regulates noise emissions from motor vehicles operated upon a public highway and provides a means to enforce compliance. It is clear from Vehicle and Traffic Law, § 1600 that a town ordinance to regulate motor vehicle noise created by the operation of motor vehicles (other than interstate motor carriers) engaged in commerce upon town streets or highways may not be adopted if it is in conflict withor a duplicate of the aforementioned provision of the Vehicle and Traffic Law. Section 1600 provides:
"Provisions of chapter uniform throughout state
 "The provisions of this chapter shall be applicable and uniform throughout this state and in all political subdivisions and municipalities therein and no local authority shall enact or enforce any local law, ordinance, order, rule or regulation in conflict with the provisions of this chapter unless expressly authorized herein. No local authority shall enact or duplicate any provision of this chapter as a local law, ordinance, order, rule or regulation, except that any local authority authorized to supersede any provision of this chapter may enact any such provision in a modified or amended form." (Emphasis added.)
In addition, our Court of Appeals has held that the Legislature intended that the regulation of traffic on all public highways be a matter of State concern, and that local authorities have only such powers in that area as are given to them by the State (People v. Grant, 306 N.Y. 288 [1954]). I find no legislative delegation of the State's authority in this area to town government.
In view of the above, it is my opinion that (1) a town may adopt an ordinance to regulate motor vehicle noise emissions only to the limited extent of an ordinance regulating noise emissions from the operation of interstate motor carriers pursuant to standards identical to the standard applicable to noise emissions resulting from the same operation of said motor carrier prescribed by any Federal regulation promulgated under 42 U.S.C.A., § 4917; and (2) a town ordinance to regulate motor vehicle noise caused by the operation of motor vehicles (other than interstate motor carriers) engaged in commerce upon its public highways would be enforceable only if it did not conflict with or duplicate § 386 of the Vehicle and Traffic Law.
* Federal regulatory standards for motor carriers which have a gross vehicle weight rating or gross combination weight rating in excess of 10,000 pounds became effective on October 15, 1975.40 C.F.R. § 202.12.